**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **JEWEL PATHWAY LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**ADIDAS AMERICA, INC.,**<br><br>  Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff, Jewel Pathway LLC ("Plaintiff" or "Jewel"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Adidas America, Inc. (hereinafter "Defendant" or "Adidas"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,818,711 ("the '711 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 5570 FM 423 – Suite 250-2040, Frisco, Texas 75034.

3. Upon information and belief, Defendant is a corporation organized under the laws of Oregon, having a principal place of business at 5055 North Greeley Avenue, Portland, Oregon,

1

97217. Upon information and belief, Defendant may be served with process c/o CT Corporation System, 4400 Easton Commons Way – Suite 125, Columbus, Ohio 43219.

4. Upon information and belief, Defendant owns, operates, or maintains a physical presence at 549 South Chillicothe Road, Aurora, Ohio 44202, which is in this judicial district.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On August 26, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '711 Patent, entitled "3d Path Analysis For Environmental Modeling" after a full and fair examination. The '711 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '711 Patent, having received all right, title and interest in and to the '711 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '711 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention of the '711 Patent relates to techniques for constructing a path analysis in an area are provided. Data are received from a mobile device in an area. The data is based on a path that is traversed by the mobile device. A traversable path is then determined from the data received from the mobile device. The traversable path is superimposed on a map and the map, including the traversable path, is packaged for delivery or display to requesting devices. Ex.A at Abstract.

14. As identified in the '711 Patent, prior art systems had technological faults. See Ex. A at Col 1:25-45.

15. More particularly, the '711 Patent identifies that the prior art provided:

> "When asked for directions to the other side of the park, conventional mapping technologies are likely to provide directions that follow the roads. In other words, these mapping technologies provide directions that are based on existing roadways. Following directions based on existing roadways would likely lead the person around the outskirts of the park along the roads rather than identify a traversable path through the park.

3

> While some mapping applications may augment their information with satellite imagery, satellite imagery does not identify traversable paths and directions are still based on existing roadways. In addition, it is often difficult for a user to distinguish a traversable path in satellite imagery because satellite imagery is often out of date and at insufficient resolutions. Also, it is difficult for a user to distinguish between shadows, impassable water features, elevation changes, and the like in satellite imagery. In effect, there are many areas, such as parks and public walkways that are poorly mapped. Trying to traverse these areas using conventional mapping applications is often unreliable and frustrating."

Ex. A at Col. 1:25-45.

16. To address this specific technical problem, Claim 1 in the '711 Patent comprises a non-abstract method to construct a path analysis in an area. Ex. A at Col.15:64-16:22.

17. Claim 1 of the '711 Patent states:

> "1. A method to construct a path analysis in an area, the method comprising:
> receiving a first set of location data from a first mobile device, the first set of location data comprising multiple data points of physical locations traversed by the first mobile device that represent a first path in
> an area traversed by the first mobile device;
> generating, using a processor, a traversable path based on the first set of location data without using traditional maps, the traversable path following a non-predetermined path that at least partially does not adhere to predetermined paths identified in the traditional maps and including a portion that deviates from the first path traversed by the first mobile device, the portion of the traversable path that deviates from the first path traversed by the first mobile device determined based on differences between the first set of location data and one or more second sets of location data from one or more second mobile devices, the one or more second sets of location data comprising multiple data points of physical locations traversed by the one or more second mobile devices in the area traversed by the first mobile device;
> superimposing the traversable path onto a map; and
> packaging the map for delivery or display of the map at a device."
> Ex. A at Col.15:64-16:22.

18. Further, to address this specific technical problem, Claim 16 in the '711 Patent comprises a non-abstract system to model traversable paths in an area.

19. Claim 16 of the '711 Patent states:

> "16. A system to model traversable paths in an area, the system comprising:
> a location module configured to collect location data from mobile devices in an area, wherein the mobile devices that provide location data are location-enabled to provide the location data and the location data includes multiple data points of physical locations traversed by the mobile devices;
> a database configured to store the location data collected from the mobile devices, wherein the location data identifies paths traversed by the mobile devices in the area;
> a processor configured
> to generate traversable paths in the area based on the paths traversed by the mobile devices without using traditional maps, the traversable paths following a non-predetermined path that at least partially does not adhere to conventional paths shown in the traditional maps and including a portion that deviates from at least one of the paths traversed by the mobile devices, the portion of the traversable paths that deviates from at least one of the paths traversed by the mobile devices determined based on differences between the at least one of the paths traversed by the mobile devices and one or more other paths traversed by others of the mobile devices; and
> a map module configured to package a map for display on a device, the map including the area and the generated traversable paths."
> Ex. A at Col.17:24-51.

20. Claims 1 and 16 of the '711 Patent provides the practical application of a method and system, respectively, for solving the technical problems associated path analysis that were common in the prior art.

21. Claims 1 and 16 of the '711 Patent provides an inventive step for path analysis to address the deficiencies and needs identified in the Background section of the '711 Patent. See Ex. A at Col. 1:25-45.

22. Namely, the prior art provided satellite imagery does not identify traversable paths and directions are still based on existing roadways. In addition, it is often difficult for a user to distinguish a traversable path in satellite imagery because satellite imagery is often out of date and at insufficient resolutions. Also, it is difficult for a user to distinguish between shadows,

5

impassable water features, elevation changes, and the like in satellite imagery. In effect, there are many areas, such as parks and public walkways that are poorly mapped. Trying to traverse these areas using conventional mapping applications is often unreliable and frustrating. Ex. A at Col. 1:35-45.

23. Claims 1 and 16 of the '711 Patent addressed the need for an improved path analysis methods and system that overcomes one or more of the aforementioned computer-centric or internet-centric disadvantages of prior art guidance systems.

24. Specifically, to deal with the poor functionality of the prior art guidance systems, the method of Claim 1 in the '711 patent requires (a) generating, using a processor, a traversable path based on the first set of location data without using traditional maps, the traversable path following a non-predetermined path that at least partially does not adhere to predetermined paths identified in the traditional maps and including a portion that deviates from the first path traversed by the first mobile device, the portion of the traversable path that deviates from the first path traversed by the first mobile device determined based on differences between the first set of location data and one or more second sets of location data from one or more second mobile devices, the one or more second sets of location data comprising multiple data points of physical locations traversed by the one or more second mobile devices in the area traversed by the first mobile device; (b) superimposing the traversable path onto a map; and (c) packaging the map for delivery or display of the map at a device.

25. These specific elements, <u>as combined</u>, accomplish the desired result of decreasing network resources by identifying areas to be avoided, increasing functionality, reducing the likelihood of incorrect guidance by providing improved path guidance form location data collected. Ex. A at Col.2:30-40.

26. Further, these specific elements also accomplish these desired results to overcome the then existing problems in the relevant field of computer guidance systems and methods. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020)

27. Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020)

28. These specific elements of Claim 1 of the '711 Patent (i.e., (a) generating a traversable path based on the first set of location data without using traditional maps, the traversable path following a non-predetermined path that at least partially does not adhere to predetermined paths identified in the traditional maps and including a portion that deviates from the first path traversed by the first mobile device, the portion of the traversable path that deviates from the first path traversed by the first mobile device determined based on differences between the first set of location data and one or more second sets of location data from one or more second mobile devices, the one or more second sets of location data comprising multiple data points of physical locations traversed by the one or more second mobile devices in the area traversed by the first mobile device; (b) superimposing the traversable path onto a map; and (c) packaging the map for delivery or display of the map at a device) were an unconventional arrangement of elements because the prior art methodologies would simply use existing roadways and did not identify

traversable paths. By adding the specific elements, Claim 1 of the '711 Patent was able to unconventionally generate a method for path analysis. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019).

29. Similar unconventional path analysis is show in the system of Claim 16 that has similar limitations.

30. Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the method of Claim 1 and the system of Claim 16 in the '711 Patent provides path analysis that would not preempt all ways of performing traversable path analysis because the traversable path is based he paths traversed by the mobile devices without using traditional maps, the traversable paths following a non-predetermined path that at least partially does not adhere to conventional paths shown in the traditional maps and including a portion that deviates from at least one of the paths traversed by the mobile devices, the portion of the traversable paths that deviates from at least one of the paths traversed by the mobile devices determined based on differences between the at least one of the paths traversed by the mobile devices and one or more other paths traversed by others of the mobile devices, any of which could be removed or performed differently to permit a method of path analysis in a different way. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014)

31. Based on the allegations, it must be accepted as true at this stage, that Claim 1 and Claim 16 of the '711 Patent recites a specific, plausibly inventive way of traversable path analysis rather than the general idea of computer guidance of a user. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927

F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

32. Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements of Claim 1 and Claim 16 of the '711 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

33. Defendant commercializes, inter alia, systems and methods that perform all the steps recited in at least one claim of the '711 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '711 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '711 Patent and a product that embodies the system cover by Claim 16 of the '711 Patent.

## DEFENDANT'S PRODUCT(S)

34. Defendant offers solutions, such as the "Adidas Running" app and system (the "Accused Product"), that enables a system and method for traversable path analysis and modeling. A non-limiting and exemplary claim chart comparing the Accused Product to certain claims of the '711 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

35. As recited in Claim 1, a system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices a method to construct a path analysis in an area, the method comprising: receiving a first set of location data (e.g., GPS data from a first user of the Adidas Running App) from a first mobile device (e.g., a first user of Adidas Running App), the first set of location data comprising multiple data points of physical locations (e.g., a path is

drawn based on the physical locations traversed by the first user) traversed by the first mobile device that represent a first path in an area traversed by the first mobile device. See Ex. B.

36. As recited in one step of Claim 1 the system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices generating, using a processor, a traversable path based on the first set of location data (e.g., first set of physical locations traversed by the first user) without using traditional maps. See Ex. B.

37. As recited in another step of Claim 1, the system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices the traversable path follows non-predetermined path that at least partially does not adhere to predetermined paths identified in the traditional maps and including a portion (e.g., the portion of the traversable path formed using the second set of location data of other users) that deviates from the first path traversed by the first mobile device. See Ex. B.

38. As recited in another step of Claim 1, the system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices the portion of the traversable path that deviates from the first path (e.g., the routes associated with nearby location logged by other Adidas Running App users) traversed by the first mobile device determined based on differences between the first set of location data and one or more second sets of location data from one or more second mobile devices (e.g., the routes associated with nearby location logged by other Adidas Running App users. See Ex. B.

39. As recited in another step of Claim 1, the system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices the one or more second sets of location data comprising multiple data points of physical locations traversed by the one or

more second mobile devices (e.g., the routes associated with nearby locations logged by other Adidas Running App users' devices) in the area traversed by the first mobile device. See Ex. B.

40. As recited in another step of Claim 1, the system, at least in internal testing and usage or employed by a user, utilized by the Accused Product practices superimposing the traversable path onto a map (e.g. first path of the user and second set of location by other Runtastic users) and packaging the map for delivery or display of the map at a device (e.g., the device containing the Adidas running App. See Ex. B.

41. As recited in Claim 2, the Accused Product practices polling the one or more second mobile devices (e.g., other Runtastic users and the corresponding devices) for the one or more second sets of location data. See Ex. B.

42. As recited in Claim 6, the Accused Product provides the first set of location data is batched by the first mobile device (e.g., first path user and its associated mobile device). See Ex. B.

43. As recited in Claim 16, a system, at least in internal testing and usage or employed by a user, utilized by the Accused Product forms a system to model traversable paths in an area, the system comprising: a location module (e.g., the GPS module of the mobile device using Adidas running App) configured to collect location data from mobile devices in an area , wherein the mobile devices that provide location data are location-enabled to provide the location data and the location data includes multiple data points of physical locations traversed by the mobile devices (e.g., the wrist watch and associated Adidas running App provides the location aware data with the help of integrated GPS). See Ex. B.

44. As recited in another portion of Claim 16, the system comprises a database (e.g., server database associated with accused instrumentality) configured to store the location data

collected from the mobile devices, wherein the location data identifies paths traversed by the mobile devices in the area (e.g., first set of physical locations traversed by a first user of Adidas Running App). See Ex. B.

45.     As recited in another portion of Claim 16, the system comprises a processor (e.g., the processor of the mobile device using Adidas Running App) configured to generate traversable paths in the area based on the paths traversed by the mobile devices without using traditional maps, the traversable paths following a non-predetermined path that at least partially does not adhere to conventional paths shown in the traditional maps and including a portion that deviates from at least one of the paths traversed by the mobile devices, the portion of the traversable paths that deviates from at least one of the paths traversed by the mobile devices determined based on differences between the at least one of the paths traversed by the mobile devices and one or more other paths traversed by others of the mobile devices. Additionally, the Accused Product provides traversable path consists of first set of location by first user and second set of location by other Adidas Running app users. See Ex. B.

46.     As recited in another portion of Claim 16, the system comprises a map module configured to package a map for display on a device, the map including the area and the generated traversable paths. Additionally, upon information and belief, the Accused Product comprises a map module which enables the first user of the Adidas Running App to display the generated traversable path and the area. See Ex. B.

47.     As recited in Claim 17, the processor is configured to adapt the traversable paths over time to changes that occur in the area. See Ex. B.

48. The elements described in the preceding paragraphs are covered by at least Claims 1 and 16 of the '711 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '711 Patent.

## **INFRINGEMENT OF THE PATENT-IN-SUIT**

49. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

50. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '711 Patent.

51. Defendant has had knowledge of infringement of the '711 Patent at least as of the service of the present Complaint.

52. Defendant has directly infringed and continues to directly infringe at least one claim of the '711 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '711 Patent, Plaintiff has been and continues to be damaged.

53. Defendant has induced others to infringe the '711 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

54. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '711 Patent, pursuant to 35 U.S.C. § 271.

55. Defendant has committed these acts of infringement without license or authorization.

56. As a result of Defendant's infringement of the '711 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

57. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

58. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

59. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '711 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '711 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: July 24, 2020

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Howard L. Wernow*
Howard L. Wernow (SBN 0089019)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
Howard.Wernow@sswip.com m

ATTORNEY FOR PLAINTIFF